IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-207-1-FL
5:11-CV-771-FL

| | | |
|---|---|---|
| LORENZO RUDY WILDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence ("2255 motion") filed *pro se* on December 30, 2011. In his 2255 motion, petitioner asserts (1) that he was improperly sentenced as a career offender based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011); (2) that he should be resentenced under the lower guidelines for crack cocaine offenses; and (3) that he received ineffective assistance of counsel. On January 5, 2012, Geoffrey Willis, who originally represented petitioner in the criminal matter, filed notice of appearance and entered into the case pursuant to Standing order 11-SO-3 (E.D.N.C. Oct. 18, 2011). Then on January 10, 2012, due to the ineffective assistance allegation in petitioner's 2255 motion, Mr. Willis filed a motion to withdraw for conflict of interest. The court allowed Mr. Willis to withdraw.

On February 21, 2012, the court ordered United States of America to respond to petitioner's 2255 motion and directed the Office of the Federal Public Defender to represent petitioner regarding his claim based on Simmons. USA filed a motion to dismiss petitioner's 2255 claim on April 2, 2012. Petitioner, *pro se*, filed a response to the motion on April 17, 2012, and the clerk of court

submitted the matter to the court as ripe.

At the time of submission of the matter to the court by the clerk on April 17, 2012, no attorney from the Office of the Federal Public Defender ("FPD") had appeared on behalf of petitioner, despite order to do so that was entered on February 21, 2012. Subsequently on April 25, 2012, the FPD filed a notice of appearance on behalf of petitioner. No further filings have been made by the FPD.

As petitioner was afforded counsel pursuant to Standing Order No. 11-SO-3 (E.D.N.C Oct. 18, 2011), and it is not evident from review of the docket that petitioner has received benefit of such counsel, the FPD is ordered within thirty (30) days from the date of this order to make filing on the docket as to its opinion in these proceedings. The clerk of court is directed to mail a copy of this order to petitioner.

SO ORDERED, this the 2nd day of May, 2012.

LOUISE W. FLANAGAN  
United States District Judge